**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Chapter 13 |
|     Sharon R. Baird, | : |
|         Debtor. | : Bankruptcy No. 17-16587-MDC |

# O R D E R

**AND NOW**, Sharon R. Baird (the "Debtor") caused to be filed with the Court a request for a temporary waiver under 11 U.S.C. §109(h)(3) of credit counseling requirements provided by 11 U.S.C. §109(h)(1).[1]

**AND**, 11 U.S.C. §109(h)(1) requires that an individual may not be a debtor in a bankruptcy case unless, within the 180-day period before the filing of the bankruptcy petition, the individual has received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. §111(a) (the "Credit Counseling Requirement").

**AND**, 11 U.S.C. §109(h)(3) provides that the Debtor may be exempted temporarily from the Credit Counseling Requirement for a 30-day period after the filing of the petition, if the Debtor submits a certification (a "Certification of Exigent Circumstances") that:

A. describes the exigent circumstances that merit a temporary waiver of the Credit Counseling Requirement,

B. states that the Debtor requested credit counseling services from an approved agency but was unable to obtain the services during the five-day period beginning on the date the request was made, and

C. is satisfactory to the Court.

**AND**, it appears that the Debtor filed the bankruptcy petition in the case without receiving a prepetition credit briefing as required by 11 U.S.C. §109(h)(1) and has not filed a Certification of Exigent

---

[1] Bankr. Docket No. 13.

Circumstances that satisfies the requirements of 11 U.S.C. §109(h)(3) as described above because (1) the request for a temporary waiver indicates that Debtor completed the credit counseling requirement on October 25, 2017, yet a certificate from this counseling has not been filed with the Court; and (2) the request for a temporary waiver does not indicate that Debtor was subject to any of the above exigent circumstances .

It is hereby **ORDERED** that:

1. A hearing shall be held on **December 6, 2017, at 10:30 a.m.**, in **Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, PA** to determine if exigent circumstances merit a temporary waiver of the Credit Counseling Requirement.

2. If the Debtor fails to appear at the hearing scheduled above, this case may be dismissed without need for further notice or hearing.

Dated: November 9, 2017

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Peter F. Blust
Law Office of Peter Blust
1475 Mt. Holly Road
Cooper Valley Village N-9
Edgewater Park, NJ 08020

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107