United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Sharon R Baird  
      Debtor

Case No. 17-16587-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: John     Page 1 of 1     Date Rcvd: Nov 09, 2017  
                      Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 11, 2017.  
db         +Sharon R Baird,   1600 Church Road A-105,   Wyncote, PA 19095-1918

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
smg        +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 10 2017 01:53:12     U.S. Attorney Office,  
           c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404  
                                                                                                                    TOTAL: 1

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 11, 2017                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 9, 2017 at the address(es) listed below:  
      HAL A. BARROW    on behalf of Creditor    1600 Church Road Condominium Association  
       kelly@barrowlaw.com  
      MATTEO SAMUEL WEINER    on behalf of Creditor   U.S. Bank National Association et. al.  
       bkgroup@kmllawgroup.com  
      PETER FRANCIS BLUST    on behalf of Debtor Sharon R Baird peterfblust@gmail.com  
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                                                                                                       TOTAL: 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Sharon R. Baird, | : | |
| Debtor. | : | Bankruptcy No. 17-16587-MDC |

# **O R D E R**

**AND NOW**, Sharon R. Baird (the "Debtor") caused to be filed with the Court a request for a temporary waiver under 11 U.S.C. §109(h)(3) of credit counseling requirements provided by 11 U.S.C. §109(h)(1).[1]

**AND**, 11 U.S.C. §109(h)(1) requires that an individual may not be a debtor in a bankruptcy case unless, within the 180-day period before the filing of the bankruptcy petition, the individual has received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. §111(a) (the "Credit Counseling Requirement").

**AND**, 11 U.S.C. §109(h)(3) provides that the Debtor may be exempted temporarily from the Credit Counseling Requirement for a 30-day period after the filing of the petition, if the Debtor submits a certification (a "Certification of Exigent Circumstances") that:

    A. describes the exigent circumstances that merit a temporary waiver of the Credit Counseling Requirement,

    B. states that the Debtor requested credit counseling services from an approved agency but was unable to obtain the services during the five-day period beginning on the date the request was made, and

    C. is satisfactory to the Court.

**AND**, it appears that the Debtor filed the bankruptcy petition in the case without receiving a prepetition credit briefing as required by 11 U.S.C. §109(h)(1) and has not filed a Certification of Exigent

---

[1] Bankr. Docket No. 13.

Circumstances that satisfies the requirements of 11 U.S.C. §109(h)(3) as described above because (1) the request for a temporary waiver indicates that Debtor completed the credit counseling requirement on October 25, 2017, yet a certificate from this counseling has not been filed with the Court; and (2) the request for a temporary waiver does not indicate that Debtor was subject to any of the above exigent circumstances .

It is hereby **ORDERED** that:

1. A hearing shall be held on **December 6, 2017, at 10:30 a.m.**, in **Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, PA** to determine if exigent circumstances merit a temporary waiver of the Credit Counseling Requirement.

2. If the Debtor fails to appear at the hearing scheduled above, this case may be dismissed without need for further notice or hearing.

Dated: November 9, 2017

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Peter F. Blust
Law Office of Peter Blust
1475 Mt. Holly Road
Cooper Valley Village N-9
Edgewater Park, NJ 08020

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107